# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEM ELLIS GROVE,

        Petitioner,               Case Number: 07-11703

v.                                   HON. JOHN CORBETT O'MEARA

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER (1) GRANTING PETITIONER'S "REQUEST TO AMEND PURSUANT TO RULE 15(a), AND MOTION TO STAY AND HOLD CASE IN ABEYANCE" AND (2) ADMINISTRATIVELY CLOSING CASE

Petitioner Lem Ellis Grove filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, challenges his convictions for second-degree murder. Petitioner has now filed a "Request to Amend Pursuant to Rule 15(a), and Motion to Stay and Hold Case in Abeyance" (Request to Amend) so that he may return to state court to present two unexhausted claims. The Court will grant Petitioner's request, hold the present petition in abeyance, and administratively close the matter.

## I.

Petitioner filed a habeas corpus petition on April 12, 2007. He raised three grounds for relief: (i) evidence was insufficient to support charges of first- and second-degree murder; (ii) non-testifying co-defendant's confession improperly admitted; and (iii) right to a fair trial violated by trial court's refusal to seat separate juries for Petitioner and co-defendant. Petitioner now seeks to amend his petition to present two additional claims: (iv) ineffective assistance of

trial counsel; and (v) ineffective assistance of appellate counsel.

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once as a matter of course at any time before a responsive pleading is served. A response to the habeas corpus petition has not yet been filed and is not due to be filed until October 19, 2007. Therefore, the Court grants Petitioner's request to amend his petition and the petition is deemed amended to include the two claims presented in the Request to Amend.

**II.**

Petitioner also seeks a stay in this matter because the two newly-added claims have not been exhausted in state court. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

If outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 278 (2005). If the Court dismisses the current petition, Petitioner's ability to timely re-file a petition for writ of habeas corpus following the exhaustion of his issues in the state courts will be placed in jeopardy because less than one month remains in the limitations period. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. section 2244, to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See* Vroman v. Brigano, 346 F.3d 598, 601 (6th

Cir.2003). The statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. See 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court denied Petitioner's motion for reconsideration of the denial of his application for leave to appeal on April 28, 2006. Petitioner's conviction became final ninety days later, on July 27, 2006, when the deadline for filing a petition for writ of certiorari in the United States Supreme Court expired. Although the petitioner filed his petition in this Court on April 12, 2007, the Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See* Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Thus, unless equitably tolled, the limitations period will expire on July 28, 2006. Accordingly, the Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner argues that his unexhausted claims were not presented in state court because his attorney was ineffective. An appellate attorney cannot be expected to raise his or her own ineffective assistance on appeal. Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims in state court. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See* Rhines, 544 U.S. at 277-78. Therefore, the Court shall grant the motion and stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to

3

state court and back." Id. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See* id. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See* id.; Abela v. Martin, 348 F.3d 164, 170 (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application"). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F.3d at 781 (internal quotation omitted).

## III.

Accordingly, it is **ORDERED** that Petitioner's "Request to Amend Pursuant to Rule 15(a), and Motion to Stay and Hold Case in Abeyance" is **GRANTED** and the petition for writ of habeas corpus is **STAYED**. Petitioner may file a motion for relief from judgment with the state trial court within sixty days from the date of this Order. If Petitioner fails to file a motion for relief from judgment by that date, the Court will dismiss the petition for writ of habeas corpus without prejudice.

Petitioner shall file an amended petition in this Court within sixty days after the conclusion of the state court proceedings. If Petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within twenty-one days

thereafter.

If, and when, Petitioner returns to federal court with an amended petition, following exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/John Corbett O'Meara  
United States District Judge

Dated: July 24, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 24, 2007, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager