UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEM ELLIS GROVE,

        Petitioner,         Case Number: 5:07-CV-11703

v.         HON. JOHN CORBETT O'MEARA

BLAINE LAFLER,

        Respondent.
                                            /

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Lem Ellis Grove is in the custody of the Michigan Department of Corrections pursuant to a second-degree murder conviction. Grove filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the ground that the petition is untimely. The Court finds that the petition was not timely filed and grants the motion.

I.

Grove was convicted by a jury in Wayne County Circuit Court of second-degree murder. On April 23, 2004, he was sentenced to 20 to 40 years in prison. Petitioner filed an appeal of right in the Michigan Court of Appeals, raising three claims for relief. The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Grove*, No. 255397, 2005 WL 1593665 (Mich. Ct. App. July 7, 2005). The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Grove*, 474 Mich. 989

(Mich. Dec. 28, 2005).

On April 12, 2007, Petitioner filed a habeas corpus petition raising three claims. He then sought to amend his petition to include two additional claims and a stay to allow him to exhaust those two claims in state court. On July 24, 2007, the Court granted leave to amend and stayed the proceedings. On October 3, 2007, Petitioner filed a state motion for relief from judgment. The trial court denied Petitioner's motion for relief from judgment. *People v. Grove*, No. 03-014085-01-FC (Wayne County Cir. Ct. July 30, 2008). The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on April 29, 2009. *People v. Grove,* No. 289-095 (Mich. Ct. App. Apr. 29, 2009). Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected for filing because it was not timely filed.

On August 17, 2009, Petitioner filed a motion to reopen this habeas proceeding because the state court had not yet ruled on his motion for relief from judgment. On November 2, 2009, after counsel was appointed by the state trial court, Petitioner filed a motion to continue to hold this habeas proceeding in abeyance. On February 18, 2010, the Court denied the motion to reopen and granted the request to continue holding the case in abeyance because Petitioner indicated that further papers would be filed in state court.

On August 19, 2011, Petitioner filed an amended habeas petition and a request to reopen this case. The Court granted the request without prejudice to Respondent's right to raise an argument that Petitioner failed to comply with the terms of the Court's order.

2

## II.

Respondent argues that the petition should be dismissed because Petitioner failed to comply with the terms of the Court's order granting a stay, and the amended petition, therefore, is untimely. The Court granted the stay conditioned upon Petitioner filing a motion for relief from judgment in the trial court within sixty days from the date of the stay order and filing a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of state court proceedings. Respondent claims that Petitioner complied with neither time requirement.

The Court stayed this matter on July 24, 2007. Petitioner filed a motion for relief from judgment in state court on October 3, 2007, eleven days after the sixty day time period prescribed by the Court. Thus, he failed to comply with the terms of the stay on the front end. In addition, Petitioner failed to comply with the terms of the stay when he asked the Court to reopen these proceedings. The Michigan Court of Appeals denied Petitioner's application for leave to appeal the denial of his motion for relief from judgment on April 29, 2009. Petitioner failed to file a timely application for leave to appeal in the Michigan Supreme Court. Petitioner moved to continue the stay in this matter on November 2, 2009, because counsel had been appointed in state court. The Court granted the motion and continued to hold these proceedings in abeyance. Petitioner failed to take any further action in state court or in this Court until August 19, 2011, when he asked this Court to reopen these proceedings. For a period of almost two years – from November 2, 2009 until August 19, 2011 – Petitioner had no matters pending in state

court and failed to move to reopen proceedings in this case. Thus, he clearly failed to comply with the conditions of the stay and, in accordance with the Sixth Circuit precedent, the Court vacates the stay as of the date it was entered, July 24, 2007, and dismisses the petition. Petitioner's amended petition, filed well after the one-year limitations period expired, is untimely. *Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir. 2002) ("If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed.")(internal quotation omitted).

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306,

1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that Petitioner failed to comply with the conditions of the stay. Therefore, the Court denies a certificate of appealability.

### IV.

Accordingly, **IT IS ORDERED** that Respondent's Motion to Dismiss [dkt. #24] is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  June 5, 2012


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 5, 2012, using the ECF system, and upon Petitioner at Lakeland Correctional Facility, 141 First Street, Coldwater, Michigan 49036 by first-class U.S. mail.

                                              s/William Barkholz
                                              Case Manager